IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RICARDO SIERRA RODRIGUEZ,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 11-1032 (PG)
(CRIMINAL 07-0290 (PG))

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. INTRODUCTION

Petitioner was indicted on July 24, 2007 in all counts of a three-count indictment which included 94 other defendants. Petitioner was charged in the first count in that, beginning in or about January 2003 and up to the date of indictment, at over 20 drug distribution points in the Municipalities of Ponce and Juana Diaz, he and the other defendants did knowingly and intentionally combine, conspire, confederate and agree together and with each other and with diverse other persons, to commit an offense against the United States, that is, to possess with intent to distribute and distribute in excess of one kilogram of heroin, a Schedule I Narcotic Drug Controlled Substance, fifty grams or more of cocaine base ("crack"), a Schedule II Narcotic Drug Controlled Substance; five kilograms or more of cocaine, a Schedule II Narcotic Drug Controlled Substance, and 1,000 kilograms or more of marijuana, a Schedule I Controlled Substances, within certain public housing projects, all in violation of Title 21, United States Code,

CIVIL NO. 11-1032 (PG)                                    2
CRIMINAL NO. 07-0290 (PG))

Sections 841(a)(1), 846 and 860. (Criminal 08-175 (ADC), Docket No. 2).  Count Two of the indictment charges that from no later than in or about January 2003 up to the date of the indictment, in the District of Puerto Rico and within the jurisdiction of this court, petitioner and others, aiding and abetting each other, in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to distribute heroin, cocaine base, cocaine, and marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 846 and 860, did knowingly intentionally, and unlawfully possess, use and carry firearms, of unknown brands and calibers, as that term is defined in 18 United States Code Section 921(a)(3), in violation of Title 18, United States Code §924(c)(1) and 2). (Criminal 07-290 (PG), Docket No. 2 at 25-26).   All defendants were also charged in a forfeiture count.

Petitioner entered a plea of guilty to the charges on October 2, 2008 after entering into a plea agreement pursuant to Rule 11 (c)(1)(B), Federal Rules of Criminal Procedure. (Criminal 07-290 (PG), Docket No. 1684).  Petitioner was sentence on January 13, 2009 to 120 months imprisonment in Count One, and 60 months in Count Two, to be served consecutively to Count One. (Criminal 07-290 (PG), Docket No. 2055).   A notice of appeal was filed on October 6, 2009. (Criminal 07-290 (PG), Docket No. 2966).  The appeal was later dismissed as untimely. (Criminal 07-290 (PG), Docket No. 3314).

CIVIL NO. 11-1032 (PG)                                    3
CRIMINAL NO. 07-0290 (PG))

Petitioner filed a motion under 28 U.S.C. § 2255 on March 12, 2010. Civil No. 10-1214 (PG). That case was dismissed without prejudice on April 12, 2010 because the sentence being attacked was yet on direct appeal.

This matter comes before the court on petitioner Ricardo Sierra-Rodriguez's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, filed on January 13, 2011. (Docket No. 1). Petitioner argues that defense counsel was ineffective in failing to seek a below the guideline range sentence in light of the crack disparities, citing Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558 (2007), and that the issue was not preserved, and not argued on appeal by appellate counsel Linda Backiel. He argues that an issue under the Fair Sentencing Act of 2010 was also not preserved and that he is actually innocent of being a leader/organizer and enforcer, as stated in the plea agreement.

In response to the section 2255 motion, the government maintains that petitioner's claims are generally meritless, that the record belies the allegations of defective performance of counsel, and that the Fair Sentencing Act does not apply retroactively to this case. Therefore relief should be denied. (Docket No. 3).

Having considered the arguments of the parties and for the reasons set forth below, I disagree with petitioner's argument and recommend that petitioner Sierra-Rodriguez's motion to vacate, set aside, or correct sentence be DENIED.

CIVIL NO. 11-1032 (PG)  4
CRIMINAL NO. 07-0290 (PG))

## II.  DISCUSSION

Under section 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-27 n.3 (1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).  Collateral attack on non constitutional and non jurisdictional "claims are properly brought under section 2255 only if the claimed error is 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'"  Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994) (quoting Hill v. United States, 368 U.S. at 428).  A claim of ineffective assistance of counsel is one such constitutional violation that may be raised by way of a section 2255 motion.  See United States v. Kayne, 90 F.3d 7, 14 (1st Cir. 1996).

### A.  Ineffective Assistance of Counsel

"In all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defence."  U.S. Const. amend. 6.  To establish a claim of ineffective assistance of counsel, a petitioner "must show that counsel's

CIVIL NO. 11-1032 (PG)                           5
CRIMINAL NO. 07-0290 (PG))

performance was deficient," and that the deficiency prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984). "[T]he 'Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight.'" Sleeper v. Spencer, 510 F.3d 32, 38 (1st Cir. 2007) (quoting Yarborough v. Gentry, 540 U.S. 1, 8 (2003)). The two part test for constitutionally ineffective assistance of counsel was set forth in the Strickland case. Strickland v. Washington, 466 U.S. at 687; see also Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996); Knight v. United States, 37 F.3d at 774. The petitioner "must show that 'counsel's representation fell below an objective standard of reasonableness,' and that 'the deficient performance prejudiced his defense.'" Owens v. United States, 483 F.3d 48, 63 (1st Cir. 2007) (quoting Strickland v. Washington, 466 U.S. at 687-88). The defendant bears the burden of proof for both elements of the test. See Cirilo-Muñoz v. United States, 404 F.3d 527, 530 (1st Cir. 2005) (citing Scarpa v. Dubois, 38 F.3d 1, 8-9 (1st Cir. 1994)).

"'[J]udicial scrutiny of counsel's performance must be highly deferential,' and 'every effort [should] be made to eliminate the distorting effects of hindsight.'" Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996) (quoting Strickland v. Washington, 466 U.S. at 689). The test includes a "strong presumption that counsel's conduct falls within the wide range of reasonable

CIVIL NO. 11-1032 (PG)                           6
CRIMINAL NO. 07-0290 (PG))

professional assistance." <u>Smullen v. United States</u>, 94 F.3d at 23 (quoting <u>Strickland v. Washington</u>, 466 U.S. at 689).

The second element of the Strickland test "also presents a high hurdle. 'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" <u>Argencourt v. United States</u>, 78 F.3d at 16 (quoting <u>Strickland v. Washington</u>, 466 U.S. at 691). There must exist a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Dugas v. Coplan</u>, 428 F.3d 317, 334 (1st Cir. 2005) (quoting <u>Strickland v. Washington</u>, 466 U.S. at 694). "[A] reasonable probability is one 'sufficient to undermine confidence in the outcome.'" <u>González-Soberal v. United States</u>, 244 F.3d 273, 278 (1st Cir. 2001) (quoting <u>Strickland v. Washington</u>, 466 U.S. at 694).

Defendants also have a right to effective assistance of counsel on appeal. <u>Evitts v. Lucey</u>, 469 U.S. 387, 396-97 (1985); <u>Brown v. United States</u>, 42 F.Supp. 2d 122, 127 (D.P.R. 1998). This does not mean that they have to raise every issue that an appellant directs them to file. Indeed, "appellate counsel who filed a merit brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on

CIVIL NO. 11-1032 (PG)                              7
CRIMINAL NO. 07-0290 (PG))

appeal." <u>Smith v. Robbins</u>, 528 U.S. 259, 288, 120 S.Ct. 746 (2000), cited in <u>Wyman v. United States</u>, 62 Fed Appx. 364, 366 (1st Cir. 2003).

Petitioner raises the crack cocaine disparity argument in his collateral attack. (Docket No. 1 at 4-6).  On January 24, 2012, petitioner filed a motion for retroactive application of Sentencing Guidelines under 18 U.S.C. § 3582(c)(2). (Criminal 07-290 (PG), Docket No. 3681). The court noted that it had already taken into account the crack cocaine amendment at the time of sentencing and denied the motion.  Furthermore, petitioner did not qualify for sentence reduction since he was sentenced to the statutory minimum. The motion was denied on March 21, 2012. (Criminal 07-290 (PG), Docket No. 3764).  An appeal was taken. The denial was affirmed by way of judgment of the court of appeals dated January 18, 2013. <u>United States v. Sierra-Rodriguez</u>, No. 12-1505 (1st Cir. January 18, 2013). The appellate court agreed with the district court that the January 2009 sentence included the then-in-effect statutory mandatory minimum sentence, not a sentence "based on" the now-revised Sentencing Guidelines. Thus petitioner was found to be not eligible for reduction.  Furthermore, the August 10 revisions to the statutory sentencing scheme for crack cocaine offenses was determined to be not retroactive to defendants sentenced prior to August 3, 2010. <u>See United States v. Gonzales</u>, 642 F.3d 245 (1st Cir.), cert denied 132 S.Ct. 596 (2011).  Thus, the matter of crack cocaine guideline sentencing has been settled as well as the

CIVIL NO. 11-1032 (PG)                                    8
CRIMINAL NO. 07-0290 (PG))

retroactive application of the Fair Sentencing Act of 2010. See United States v. Curet, 670 F.3d 296, 308 (1st Cir. 2012). This was a negotiated plea agreement. Petitioner received the statutory minimum sentence of 60 months in the weapons count and 120 months in the controlled substance count. The plea agreement was exactly what was negotiated and while petitioner was put on notice that the court was not bound by the plea agreement and the recommendation of the prosecution, he received the most favorable sentence under the circumstances. Each page of the plea agreement is initialed by petitioner. (Criminal 07-290 (PG), Docket No. 1685). Indeed it is clear that the prosecutor did not deviate from the agreed-to recommendation. Petitioner at sentencing was well aware of the evidence petitioner was facing, as reflected in his signature at the end of the statement of facts in the plea agreement. (Criminal 07-290 (PG), Docket No. 3681 at 9).

There is no credible evidence to support the petitioner's claim that his attorney's representation fell below an objective standard of reasonableness. Petitioner's arguments only contradict the fact that during the Rule 11 procedures the petitioner agreed with the government's version of the facts. I explain.

At the plea hearing on October 2, 2008 before the court, petitioner and two other defendants were placed under solemn oath. (Criminal 07-290 (PG), Docket

CIVIL NO. 11-1032 (PG)                                9
CRIMINAL NO. 07-0290 (PG))

No. 2894, COP T. at 9).[1]    Petitioner was asked if he had discussed pleading guilty with his attorney and if he had discussed the evidence as to what he did in the case with his attorney. (Criminal 07-290 (PG), Docket No. 2894, COP T. at 3). Petitioner answered yes. Petitioner also noted that his attorney had provided effective legal representation, and that he was satisfied with his attorney. (Criminal 07-290 (PG), Docket No. 2894, COP T. at 7-8, 17-18). The district judge conducted the traditional Rule 11 colloquy, letting petitioner know that if there were any doubts, he could always consult with his attorney.    Petitioner acknowledged that he understood that by pleading guilty, he would be found guilty and no longer have a right to proceed to trial. (Criminal 07-290 (PG), Docket No. 2894, COP T. at 10).  Petitioner understood that even if a maximum penalty were imposed, the plea could not be withdrawn. (Criminal 07-290 (PG), Docket No. 2894, COP T. at 15-16). The district judge was meticulous with petitioner and the other defendants in relation to the plea agreement.  Petitioner understood the explanation of the Sentencing Guidelines and understood that the Court could not sentence him below the statutory minimum.

---

[1] Docket No. 2894 relates to the transcript of the change of plea hearing held on October 2, 2008 before United States District Judge Juan M. Perez-Gimenez. (Criminal 07-290 (PG), Docket No. 2055).  Petitioner was represented by attorney Laura Maldonado Rodriguez.

CIVIL NO. 11-1032 (PG)   10
CRIMINAL NO. 07-0290 (PG))

The district judge explained the waiver of appeal clause and petitioner and the others acknowledged understanding the consequences of the waiver of appeal clause. (Criminal 07-290 (PG), Docket No. 2894, COP T. at 20). Petitioner accepted the version of facts outlined by the prosecutor. (Criminal 07-290 (PG), Docket No. 2894, COP T. at 19, 24-25, 27). Petitioner accepted that he was one of the defendants who took control of drug points at the Dr. Pila public housing project, that he collected proceeds from drug sales and that at times he acted as an enforcer of the conspiracy. (Criminal 07-290 (PG), Docket No. 2894, COP T. at 23-24).

At sentencing before the Honorable Juan M. Perez-Gimenez, petitioner was asked if the presentence report was thoroughly discussed with him by his attorney. He agreed that it had been. (Criminal 07-290 (PG), Docket No. 3171).[2] Petitioner informed the court that he was repentant and thanked his attorney for her excellent representation. (Criminal 07-290 (PG), Docket No. 3171, S. T. at 4). The court then proceeded to sentence petitioner in accordance with the plea agreement.

Having related the proceedings before the district court, I note that "[when a criminal defendant has solemnly admitted in open court that he is in fact guilty

---

[2] Docket No. 3171 relates to the transcript of the sentencing hearing held on January 13, 2009 before the Honorable Juan M. Perez-Gimenez. (Criminal 07-290 (PG), Docket No. 3681).

CIVIL NO. 11-1032 (PG)  
CRIMINAL NO. 07-0290 (PG))                    11

of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Lefkowitz v. Newsome, 420 U.S. 283, 288 (1975) (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973)); see Nieves-Ramos v. United States, 430 F. Supp. 2d 38, 43 (D.P.R. 2006); Caraballo Terán v. United States, 975 F. Supp. 129, 134 (D.P.R. 1997).

Petitioner ignores the fact that his attorney negotiated a favorable plea agreement with the government, and if one considers what sentence he might have received after trial or after a straight plea, particularly in a case involving exposure to life sentences, petitioner could have faced a much longer sentence. He argues that instead of being held accountable for least 50 but less than 150 grams of cocaine base, had he been held accountable for at least 50 but less than 150 grams of cocaine, he would have faced a sentence of only 21 to 27 months, and no more than 27 to 33 months. The argument is simple, little more than Monday morning quarter-backing and lends itself to comment, but does not point a condemning finger at counsel's performance.

As to his argument that he is actually innocent of being a leader or enforcer and that he was ill-advised as to the consequences of such admissions, assuming his ignorance, the cause and prejudice requirement of Strickland would yet not be satisfied precisely because petitioner could not have been sentenced below the

CIVIL NO. 11-1032 (PG)  
CRIMINAL NO. 07-0290 (PG))                                            12

mandatory statutory minimum term of imprisonment.  Thus the argument lack merit.

It is well settled that a court "will not permit a defendant to turn his back on his own representations to the court merely because it would suit his convenience to do so." United States v. Parrilla-Tirado, 22 F.3d 368, 373 (1st Cir. 1994) (quoting United States v. Pellerito, 878 F.2d 1535, 1539 (1st Cir. 1989)). "[I]t is the policy of the law to hold litigants to their assurances at a plea colloquy." Torres-Quiles v. United States, 379 F. Supp. 2d 241, 248-49 (D.P.R. 2005) (citing United States v. Marrero-Rivera, 124 F.3d 342, 349 (1st Cir. 1997)). Thus, the petitioner "should not be heard to controvert his Rule 11 statements . . . unless he [has] offer[ed] a valid reason why he should be permitted to depart from the apparent truth of his earlier statement[s]." United States v. Butt, 731 F.2d 75, 80 (1st Cir. 1984). "[T]he presumption of truthfulness of the Rule 11 statements will not be overcome unless the allegations in the § 2255 motion are sufficient to state a claim of ineffective assistance of counsel and include credible, valid reasons why a departure from those earlier contradictory statements is now justified." United States v. Butt, 731 F.2d at 80 (citing Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975)). The Supreme Court has noted that in the context of a challenged representation, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually

CIVIL NO. 11-1032 (PG)                    13
CRIMINAL NO. 07-0290 (PG))

unchallengeable . . . . " Strickland v. Washington, 466 U.S. at 690.  Because of the wide range of tactical decisions that a criminal defense attorney may be presented with in any given trial, judicial scrutiny of the attorney's performance must be "highly deferential" and indulge a strong presumption that the challenged action "might be considered sound trial strategy." Id. at 689.  Indeed, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effect of hindsight . . . . " Id.

In relation to a motion to vacate sentence, ordinarily the court would have to "take petitioner's factual allegations 'as true,'" however it will not have to do so when like in this case "'they are contradicted by the record . . . and to the extent that they are merely conclusions rather than statements of fact.'" Otero-Rivera v. United States, 494 F.2d 900, 902 (1st Cir. 1974) (quoting Domenica v. United States, 292 F.2d 483, 484 (1st Cir. 1961)).

Finally, the court also took into account the fact that the petitioner had accepted responsibility for his criminal conduct in a timely manner, therefore granting him a three-level reduction.  It is clear then that the petitioner was adequately represented by his counsel and that his allegations are meritless.

### III.  CONCLUSION

Petitioner has not satisfied the first prong of Strickland.  The arguably inadequate and poor performance of his attorneys did not contribute to the

CIVIL NO. 11-1032 (PG)        14
CRIMINAL NO. 07-0290 (PG))

ultimate outcome of the criminal case.  There were no errors of defense counsel that resulted in a violation of petitioner's right to adequate representation of counsel under the Sixth Amendment.  This applies to both trial and appellate counsel, both of whom are seasoned practitioners of this court.  Petitioner was sentenced to the statutory minimum term, the Fair Sentencing Act of 2010 does not apply retroactively, and petitioner admitted under oath that he was a leader and an enforcer.  None of these factors are attributable to ineffective assistance of counsel.

Assuming  that counsel's representation fell below an objective standard of reasonableness, and it is difficult to make that assumption under the circumstances, petitioner would still have to prove that it resulted in prejudice to his case.  See Owens v. United States, 483 F.3d at 63 (quoting Strickland v. Washington, 466 U.S. at 687-88).   The order of the district court and the judgment of the court of appeals put this argument to rest.  As stated above, there must be a reasonable probability that but for counsel's actions, the result of the proceedings would have been different.  See Dugas v. Coplan, 428 F.3d at 334 (quoting Strickland v. Washington, 466 U.S. at 694).

In view of the above, I find that petitioner  has failed to establish that his counsel's representation fell below an objective standard of reasonableness.  See Strickland v. Washington, 466 U.S. at 686-87; United States v. Downs-Moses,

CIVIL NO. 11-1032 (PG)  15
CRIMINAL NO. 07-0290 (PG))

329 F.3d 253, 265 (1st Cir. 2003).  Furthermore, even assuming that petitioner has succeeded in showing deficiencies in his legal representation, he is unable to establish that said deficiencies resulted in a prejudice against him in the criminal proceedings.  See Owens v. United States, 483 F.3d at 63 (quoting Strickland v. Washington, 466 U.S. at 687-88).  It is impossible to find that claimed error has produced "'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'"  Knight v. United States, 37 F.3d at 772 (quoting Hill v. United States, 368 U.S. at 428).

Accordingly, it is my recommendation that petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 be DENIED.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Scott v. Schweiker, 702

CIVIL NO. 11-1032 (PG)                    16
CRIMINAL NO. 07-0290 (PG))


F.2d 13, 14 (1st Cir. 1983); <u>United States v. Vega</u>, 678 F.2d 376, 378-79 (1st Cir. 1982); <u>Perocier-Morales v. United States</u>, 887 F.2d 399, 405-06 (D.P.R. 2012).

    In San Juan Puerto Rico this 17th day of October, 2013.


                                                                                 S/ JUSTO ARENAS
                                          United States Magistrate Judge